Opinion
 

 JOHNSON, Acting P. J
 

 .—Defendant Kendrick P. Loot appeals from the judgment following his conviction of attempted murder, assault with a firearm and shooting at an occupied motor vehicle. We affirm.
 

 Facts and Proceedings Below
 
 *
 

 I.-III.
 
 *
 

 IV.
 
 It Was Misconduct for a Juror, During Trial, to Inquire About the Marital Status and “Availability” of the Prosecutor but the Misconduct Was Not Prejudicial.
 

 On the second day of deliberations Juror No. 12 encountered Ms. Ward, a deputy public defender, in the elevator. She asked Ward if she knew Mr. Wright, the prosecutor in defendant’s trial. Ward, who did not know she was talking to a juror in that trial, replied she knew Wright. The juror then asked if Wright was married and, when Ward said no, the juror asked if he was “available.” Ward said, “I believe he is.” The conversation was conducted in a lighthearted manner. Later realizing the person asking about Wright may have been a juror, Ward reported the incident to the judge trying the defendant’s case.
 

 The court held a hearing with Juror No. 12. She admitted asking Ward if Wright was married but denied asking if he was “available.” She also told the court she had not related this conversation to any of the other jurors and
 
 *697
 
 that it had not affected her deliberations in the case. She specifically affirmed she was basing her deliberations on the evidence and was not influenced by her questions about Wright or Ward’s answers.
 

 The following day, defendant moved for a mistrial based on misconduct by Juror No. 12. The trial court denied the motion on the grounds there was no “serious misconduct” on the juror’s part and no evidence she was biased in favor of the prosecution.
 

 That afternoon the jury reached its verdicts and was excused. Later in the day, when the prosecutor and defense counsel met with the court to discuss remaining matters, the prosecutor informed the court Juror No. 12 had slipped him a note giving him her name and telephone number and expressing the hope she had not embarrassed him. Defendant again moved for a mistrial and later for a new trial based on juror misconduct. The court denied both motions on the ground the contents of the note did not demonstrate defendant had been deprived of a fair and impartial jury.
 

 When a party seeks a new trial based on juror misconduct, the trial court must determine from admissible evidence whether misconduct occurred and, if it did, whether the misconduct was prejudicial.
 
 (People
 
 v.
 
 Von Villas
 
 (1992) 11 Cal.App.4th 175, 255 [15 Cal.Rptr.2d 112].) Prejudice is presumed where there is misconduct. This presumption can be rebutted by a showing no prejudice actually occurred or by a reviewing court’s examination of the entire record to determine whether there is a reasonable probability of actual harm to the complaining party.
 
 (Id.
 
 at pp. 255-256.)
 

 Defendant maintains Juror No. 12 was guilty of misconduct in discussing the prosecutor’s personal life during trial and in forming a bias in favor of the prosecution based on her attraction to the prosecutor.
 

 It is misconduct for jurors to discuss “any subject connected with the trial” with nonjurors at any time. (Pen. Code, § 1122, subd. (a);
 
 People
 
 v.
 
 Daniels
 
 (1991) 52 Cal.3d 815, 863-864 [277 Cal.Rptr. 122, 802 P.2d 906].) Because Mr. Wright was the prosecutor in defendant’s trial, he was a “subject connected with the trial.” Therefore, Juror No. 12’s discussion about Wright’s personal life with a nonjuror was misconduct.
 

 Clearly, a defendant has a constitutional right to trial by an impartial jury. (U.S. Const., Amend. VI;
 
 Williams
 
 v.
 
 Florida
 
 (1970) 399 U.S. 78, 102-103 [90 S.Ct. 1893, 1907, 26 L.Ed.2d 446].) It is equally clear that right would be denied if a juror engaged in deliberations with a bias in favor of the prosecution. Here, however, the trial court found there was insufficient evidence to establish bias on the part of Juror No. 12. The record supports the trial court’s finding.
 

 
 *698
 
 Juror No. 12 admitted inquiring whether Mr. Wright was married although she denied asking if he was “available,” at least in those words. Defendant argues the juror’s interest in Wright went beyond just idle curiosity and “chit-chat” in the elevator: After the jury rendered its verdicts and she was discharged, the juror gave Wright a note with her name and telephone number and an apology for causing him any embarrassment. However, under questioning by the court and counsel for the parties, she specifically denied her inquiries about Wright had any influence on her deliberations and denied sharing her curiosity about Wright with the other jurors. We do not believe Juror No. 12’s conduct established as a “demonstrable reality” her inability to perform the functions of a juror. (See
 
 People
 
 v.
 
 Bradford
 
 (1997) 15 Cal.4th 1229, 1351 [65 Cal.Rptr.2d 145, 939 P.2d 259].) To hold otherwise would be tantamount to accepting a sexual stereotype that women cannot distinguish truth from a handsome face. (See Richmond,
 
 Sexist Speech
 
 (Summer 1994) 17 Fam. Advocate 36, 40 [trial court allowed attorney to exclude all females from the jury on the ground the opposing male attorney was so handsome the women would be swayed in his client’s favor].)
 

 Although Juror No. 12 did commit misconduct in discussing the prosecutor’s personal life, the resulting presumption of prejudice was rebutted.
 

 Among the factors to be considered when determining whether the presumption of prejudice has been rebutted are “the nature and seriousness of the misconduct, and the probability that actual prejudice may have ensued.”
 
 (People
 
 v.
 
 Von Villas, supra,
 
 11 Cal.App.4th at p. 256.) Juror No. 12’s encounter with Ms. Ward on the elevator was fleeting and there was no evidence she had discussed Mr. Wright’s “date-ability” with any one else. And, while her questions about Wright’s personal life were a technical violation of Penal Code section 1122, they were certainly not as serious as questions designed to obtain extrinsic evidence regarding the case itself. (Cf.
 
 Weathers
 
 v.
 
 Kaiser Foundation Hospitals
 
 (1971) 5 Cal.3d 98, 106-107 [95 Cal.Rptr. 516, 485 P.2d 1132] [asking personal physician for medical opinion in medical malpractice case and communicating response to other jurors].) We see little possibility actual prejudice may have ensued. All 12 jurors voted defendant guilty. There is no evidence to suggest Juror No. 12 would have been the lone holdout for acquittal but for her possible amorous interest in the prosecutor or that based solely on the prosecutor’s attractiveness she was able to sway the other 11 jurors to a guilty verdict on each count. On the other hand, there is unrefuted evidence the juror did not discuss the incident on the elevator with the other jurors and her interest in Mr. Wright did not affect her deliberations.
 

 Therefore, we conclude, the trial court did not err in denying defendant’s motions for mistrial and new trial.
 

 
 *699
 
 Disposition
 

 The judgment is affirmed.
 

 Woods, J., and Neal, J., concurred.
 

 The petitions of both respondent and appellant for review by the Supreme Court were denied July 29, 1998.
 

 *
 

 See footnote,
 
 ante,
 
 page 694.